UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re SEQUANS COMMUNICATIONS S.A. SECURITIES LITIGATION | ) ) ) Case No. 1:17-cv-04665-FB-SJB ) ) ) Hon. Frederic Block ) ) **CLASS ACTION** ) ) ) **Order and Judgment Granting Final** ) **Approval of Class Action Settlement** ) ) ) ) |

WHEREAS, this matter came before the Court for hearing on September 28, 2020, pursuant to the Preliminary Approval Order entered May 20, 2020, on the application of the parties for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all Settlement Class members.

3. On September 28, 2020, the Court held a Final Approval Hearing, after due and

proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this action, the Court considered the parties' Stipulation, the Court file in this case, and the presentations by Plaintiffs' Counsel on behalf of the Plaintiffs and the Settlement Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.   In the Preliminary Approval Order, the Court found that, for settlement purposes only, the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting conditional certification of the Settlement Class.  The Court finds that such requirements continue to be satisfied and that the Settlement Class defined in the Preliminary Approval Order shall remain certified for the purposes of the Settlement, consisting of:

> All persons who purchased or otherwise acquired Sequans' American Depository Receipt shares ("ADRs") between April 29, 2016 and July 31, 2017, both dates inclusive.

5.   Excluded from the Settlement Class are anyone named as a defendant in this litigation, the present and former officers and directors of Sequans or any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any defendant (or combination of defendants) have or had a controlling interest.

6.   In the Preliminary Approval Order, the Court preliminarily approved the Mailed Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Settlement Class Members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7).  The Court reaffirms that finding and holds that the best practicable notice was given to Settlement Class Members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval

Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing.  Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

7.   The Court has determined that the Settlement is fair, reasonable, and adequate and is hereby finally approved in all respects.  In making this determination, the Court has considered factors with respect to fairness, which include (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risk of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks.  The Court has considered the submissions of the parties along with the record in this action, all of which show that the proposed Settlement is fair, reasonable and adequate.

8.   The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2), and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

9.   The Settlement provides that Defendants will cause $2,750,000 in cash to be paid into a settlement fund for the benefit of the Settlement Class.  Among other things, the recovery of an individual Settlement Class Member depends on the number of Sequans ADRs that the Settlement Class Member purchased and sold, and the prices at which other Settlement Class Members who filed claims purchased and sold those ADRs.

10.     The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Plaintiffs' Counsel.  The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

11.     The Court notes that there were no objections filed to the Settlement from Settlement Class Members.

12.     In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

13.     This Order and Judgment shall be binding on all Settlement Class Members, including Plaintiffs.  Further, the Action is hereby dismissed with prejudice.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

14.     Upon the Effective Date, as set forth in the Stipulation, the Plaintiffs, each Settlement Class Member, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims against the Released Parties, whether or not any individual Settlement Class Member executes and delivers the Proof of Claim and Release form.

15.     Upon the Effective Date, the Plaintiffs, each Settlement Class Member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum

of any kind asserting any of the Released Claims against any of the Released Parties.

16. Upon the Effective Date, Defendants and anyone claiming through or on behalf of any of them, shall hereby be deemed to have, and by operation of this Order shall be, released and permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Plaintiffs, Settlement Class Members or Plaintiffs' Counsel related to this Action or the prosecution thereof.

17. To the fullest extent permitted by law, any and all claims by any person or entity against the Released Parties for contribution or indemnification in connection with the Action or this Settlement are hereby permanently barred and discharged. Notwithstanding the foregoing, nothing in this Judgment shall bar or otherwise affect any rights or claims of any Released Parties under any directors' and officers' liability insurance or other applicable insurance coverage.

18. The Court finds and concludes that throughout this action, the Defendants, Plaintiffs, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that the Plaintiffs and Plaintiffs' Counsel adequately represented Settlement Class Members for purposes of entering into and implementing the Settlement.

19. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Plaintiffs' Counsel attorneys' fees of $916,666.67, plus reimbursement of their expenses in the amount of $57,666.69, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery

under the settlement, and public policy.

20. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards the Plaintiffs reimbursement awards pursuant to §78u-4(a)(4) of the PSLRA of $5,000.00 to Mr. Johal and $5,000.00 to Mr. McGee.

21. Neither this Order, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

   a. is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, the Released Parties, or each or any of them;

   b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

   c. is or may be deemed to be or shall be used, offered or received against the Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity of the Released Claims, the strength of any claim raised in the Action, the truth of any fact alleged by the Plaintiffs or the Settlement Class, or the availability of meritorious defenses to the claims raised in the Action;

   d. is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that

any of Plaintiffs' or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Amount or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

22. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

23. There is no just reason for delay in the entry of this Order and Judgment, and immediate entry thereof by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: 9/28/2020

/S/ Frederic Block
HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE